FILED
2010 FEB 18 PM 2:49
CIRCUIT COURT
FOR MULTNOMAH COUNTY

ORIGINAL

1

2

3

4

IN THE CIRCUIT COURT OF THE STATE OF OREGON

5

FOR THE COUNTY OF MULTNOMAH

6

7

JONATHAN HARRISON,

Plaintiff,

8

v.

9

LANGE TRUCKING, INC.; WILLIAM
LANGENHUIZEN aka "Willy Lange";
ROBERT LANGENHUIZEN aka "Bob
Lange"; STEVE BAILEY; and DAVID
ROGERS,

10

11

12

Defendants.

13

14

15

16

ENTERED
FEB 25 2010
IN REGISTER SCL

17

18

19

Case No. 1002-02200

**AMENDED** COMPLAINT AND JURY
DEMAND

1. Injured Worker Discrimination ORS 659A.040
2. Failure to Reinstate ORS 659A.043/046
3. Whistleblowing ORS 659A.199/230
4. OFLA Violations ORS 659A.150 et seq.
5. Retaliation ORS 659A.030(1)(f)
6. Aiding & Abetting ORS 659A.030(1)(g)
7. Retaliation ORS 654.062
8. Wage Retaliation ORS 652.355/ORS 653.060
9. Wrongful Discharge
10. Defamation
11. Intentional Interference w/ Economic Relations
12. Intentional Interference w/ Economic Relations
13. Failure to Pay Back Wages-
    Civil Penalty ORS 652.140/150
14. Defamation
15. Intentional Interference w/ Economic Relations

**[NOT SUBJECT TO ARBITRATION]**

**[Damages not to exceed $499,999]**

20

Plaintiff, Jonathan Harrison, for his complaint alleges as follows:

21

**JURISDICTION, VENUE, AND PARTIES**

22

1.

23

Defendant ("LANGE TRUCKING") is a corporation created under the laws of the State of

24

California conducting business in the State of Oregon. At all material times, LANGE

25

TRUCKING was Plaintiff's employer and it conducted regular, substantial, and sustained

26

business activity in Oregon, including Multnomah County.

Page 1 -    AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

2.

All employees relevant to the allegations herein, including, but not limited to, Defendants William Langenhuizen aka "Willy Lange" ("WILLY LANGE"), Robert Langenhuizen aka "Bob Lange" ("BOB LANGE"), and Steve Bailey ("BAILEY") were at all material times authorized agents of and/or employed by LANGE TRUCKING and were in substantial part acting within the scope of such agency and/or employment. At all material times, WILLY LANGE was the co-owner/vice-president of LANGE TRUCKING with direct supervisory authority over Plaintiff. BOB LANGE was co-owner of LANGE TRUCKING with supervisory authority over Plaintiff. At all material times, BAILEY was a managerial employee of LANGE TRUCKING. At all material times, Rebecca Lee ("Lee") was responsible for handling the human resources functions at LANGE TRUCKING.

3.

Defendant David Rogers ("ROGERS") is an individual that works at the United States Post Office main branch in Portland, Oregon. Plaintiff is informed and believes that ROGERS is a resident of the State of Oregon and all relevant facts relating to claims against ROGERS occurred in Multnomah County.

4.

Plaintiff was an employee of LANGE TRUCKING from on or about June 7, 2005 until his termination on March 23, 2009.

## STATEMENT OF FACTS

5.

Plaintiff was hired as a truck driver by LANGE TRUCKING on or about June 7, 2005. Throughout Plaintiff's employment with LANGE TRUCKING he preformed his job professionally and efficiently. Plaintiff was considered a valuable employee and was never written up or otherwise disciplined prior to his termination.

Page 2 -    AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6.

Plaintiff's job required him to deliver goods for LANGE TRUCKING on the West Coast, including the State of Oregon. The substantial events relating to Plaintiff's claims occurred in Multnomah County, Oregon. At all material times, Plaintiff resided in the State of Oregon.

7.

In or about December 2008, Plaintiff was delayed on his deliveries by snow storms and other inclement weather in the Pacific Northwest. As a result, it took Plaintiff approximately an additional eighteen hours to perform his normal route. As a result, Plaintiff contacted WILLY LANGE and inquired about payment of additional wages for the extended time. WILLY LANGE became very angry at Plaintiff and initially refused to pay Plaintiff for the extra hours. Ultimately, Plaintiff argued with WILLY LANGE and forced him to pay for the extra hours. Thereafter, WILLY LANGE became cold and distant toward Plaintiff.

8.

Many of the trucks used by LANGE TRUCKING were old and poorly maintained; some had over one million miles on them. Plaintiff and other drivers routinely complained about the maintenance and safety problems with the trucks to BAILEY and others in management, but the typical response was "if you don't like it get another job" or "stop the truck and I'll get another driver."

9.

In particular, Plaintiff complained to BAILEY about the worn shock absorbers on the seats of some of the trucks he was forced to drive. Plaintiff reported that it posed a serious safety hazard on the road when the truck went over a bump or pothole because it caused the seat to bounce up, down and round with great force, making it impossible to control the truck or to apply breaks. When the seat would go up, the driver's whole body would shoot up with the force of the seat to

Page 3 -    AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

1   a point that driver's feet could no longer reach any of the pedals.  When the seat would come

2   crashing down, the driver's foot could then get randomly slammed on any of the pedals.

3                                                   10.

4   To fix the problems without spending any money on parts or repairs, the maintenance crew and

5   the drivers, with the management's encouragement and approval were forced to get creative.  For

6   example, the hinges in the seats were so worn that unless artificially propped up with a board,

7   they could not hold the drivers upright.  Therefore, the seats were propped up with a piece of

8   wood to prevent the drivers from falling completely backwards into the sleeping cabin.  These

9   boards were not secured and would often shift in position which required the drivers to readjust

10  them while driving, thereby posing a great danger to themselves and others on the road.

11                                                  11.

12  On February 19, 2009, Plaintiff was forced to drive a truck with worn shock absorbers on the

13  seats which caused the seat to go up and down each time the truck went over a bump or into a

14  pothole.  Plaintiff was driving slowly on the streets of Portland, in route to drop off his trailer at a

15  yard in Portland.  Before he could complete his route, he felt the truck being pushed from the

16  passenger side.  Plaintiff believed that his truck was hit by another vehicle.  As he tried to gain

17  control to stop the truck, his seat began to violently jump up and down.  Plaintiff bounced all

18  over the place in his seat after the impact and his efforts to apply the break and to control the

19  vehicle were not successful.  Plaintiff's truck hit several unoccupied parked vehicles before it

20  came to a stop. Plaintiff sustained bodily injuries and was in severe pain and shock.  Plaintiff

21  became incoherent immediately after the impact and was unable to full answer any questions

22  regarding the accident.

23  / / /

24  / / /

25  / / /

26

Page 4 -    AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

12.

Plaintiff, dazed and in pain was transported from the scene of the accident to the emergency room for treatment. Plaintiff was initially and wrongly cited for reckless driving at the time but the charges were later dismissed by the Traffic Court, once the facts of the case became clear.

13.

LANGE TRUCKING had a contract to transport mail for the United Post Office (USPS). Defendant ROGERS worked for the USPS office in downtown Portland and had regular contact with Plaintiff on his routes to unload the mail. ROGERS was always rude and demeaning toward Plaintiff. Plaintiff perceived ROGERS to be very lazy and slow. ROGERS at times would purposely delay the unloading because he knew that Plaintiff needed to get back in time.

14.

After learning of the accident, Plaintiff learned that ROGERS had flagged down third parties on his own initiative and maliciously defamed Plaintiff by falsely stating Plaintiff was at fault because Plaintiff "is always in a hurry and very demanding when it comes to unloading him quickly" and that Plaintiff "did not even have to be in until 8:00 p.m." implying that Plaintiff was unreasonably hasty. ROGERS was trying to get Plaintiff in trouble by stating that he had gotten into an accident because he was rushing to get back. On information and belief, he was a contributing factor in Plaintiff being cited for the accident and having to incur attorney's fees and costs in getting the citation dismissed.

15.

Plaintiff went on approved workers' compensation leave commencing February 19, 2009 due to the work related injuries he sustained in the accident.

/ / /

/ / /

/ / /

Page 5 -    AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

16.

Dr. Michael Hortsch completed a medical release on March 10, 2009, returning Plaintiff to full duty effective March 23, 2009. Plaintiff faxed the return to work release to LANGE TRUCKING on March 11, 2009.

17.

Within the next few days, Plaintiff spoke with WILLY LANGE about the accident and his injuries. Plaintiff reported to WILLY LANGE that he was not at fault and that he believed the faulty shock absorbers in the seat were the real cause of the accident. WILLY LANGE then coldheartedly informed Plaintiff that he was laid-off until further notice.

18.

Dr. Hortsch completed a second medical release on March 19, 2009, again returning Plaintiff to full duty, effective March 23, 2009. On or about March 20, 2009, Plaintiff called LANGE TRUCKING and spoke with BAILEY and requested to return to work. BAILEY requested Plaintiff fax a copy of the second medical release to LANGE TRUCKING and suggested that Plaintiff get his reckless driving citation cleared before returning to work.

19.

BAILEY then told Plaintiff that he could not come back to work on March 23, 2009, and that it was up to WILLY LANGE whether he could come back to work at all. BAILEY informed Plaintiff that LANGE TRUCKING would let him know when he could come back to work, and that they would have to work him back into the schedule. Immediately thereafter, Plaintiff faxed a copy of the second medical release form to LANGE TRUCKING. Plaintiff was left thoroughly confused about his employment status.

20.

Since LANGE TRUCKING would not allow Plaintiff to return to work, he applied for unemployment benefits to support himself and his family.

Page 6 -    AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

21.

Plaintiff was successful in getting the charges dropped on March 19, 2009. On or about April 6, 2009, Plaintiff faxed a copy of the docket sheet for Multnomah County Court Case No. Z1746151, showing that the reckless driving citation issued to Plaintiff arising out of the accident that occurred on February 19, 2009 had been dismissed as of March 19, 2009, to LANGE TRUCKING.

22.

On or about April 13, 2009, Plaintiff called LANGE TRUCKING and spoke with Lee. Plaintiff asked if they had received the copy of the docket sheet showing the dismissal of the reckless driving citation and again asked when he would be allowed to return to work. Plaintiff explained that the accident was not his fault and that it was due to the truck's faulty seat. Lee again told Plaintiff that it was up to WILLY LANGE and that they would be in touch with him regarding his employment status. Plaintiff also requested that he be paid his outstanding vacation pay. Thereafter, WILLY LANGE did not contact Plaintiff.

23.

On or about April 16, 2009, Plaintiff was issued a check for only two weeks (80 hrs) of outstanding vacation pay, although he was owed three weeks (120 hrs) of vacation pay.

24.

On or about April 22, 2009, Chuck Berry, safety officer at LANGE TRUCKING, pulled a copy of Plaintiff's Motor Vehicle Report confirming that Plaintiff had not been convicted of reckless driving. However, LANGE TRUCKING still failed to contact Plaintiff or reinstate him to his former position.

25.

On or about May 22, 2009, Plaintiff received a denial of unemployment benefits in the mail from the Oregon Employment Department. Plaintiff was shocked to find out that the reason stated for

Page 7 -    AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE 1300
PORTLAND, OREGON 97205

1  the determination to deny benefits was that he had been "discharged for violating the employer's
2  at fault accident policy."  LANGE TRUCKING also claimed that Plaintiff had been terminated
3  on March 23, 2009, the same date he had been released to return to work by his doctor.  Plaintiff
4  was never informed by anyone at LANGE TRUCKING that he had been terminated for such a
5  reason or that they intended to contest his claim for unemployment benefits.

6                                              26.

7  Plaintiff was emotionally devastated and did not understand how or when LANGE TRUCKING
8  could have determined that Plaintiff had been "at fault" for the accident that occurred on
9  February 19, 2009.  Plaintiff was even more confused because the contractor's policy he received
10  from LANGE TRUCKING states that a driver would only be disqualified if he had more than
11  two at fault accidents for which he had been convicted of a moving violation in the preceding
12  three years. Therefore, even if Plaintiff was "at fault" for the accident, which he affirmatively
13  denies, such a determination should not have resulted in his immediate termination.

14                                              27.

15  Plaintiff is aware of other drivers getting into accidents, some of which have resulted in fatalities
16  or grave bodily harm to others.  Some of these accidents were the result of faulty trucks or lack
17  of shock absorbers in the seats.  Plaintiff believes and on that basis alleges that LANGE
18  TRUCKCING has a practice of knowingly making false statements about the maintenance and
19  safety of its trucks.

20                                              28.

21  The same day, Plaintiff called and left a message for WILLY LANGE inquiring about his
22  employment status and requesting to return to work. WILLY LANGE did not call Plaintiff back.
23  Plaintiff followed up by calling BOB LANGE to inquire about his employment status.  BOB
24  LANGE never called Plaintiff back either.
25
26

Page 8 -    AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

29.

Plaintiff is also informed and believes that Defendants, after his termination, made false statements to a number of people, including but not limited to prospective employers and other third parties regarding his work performance, work history with LANGE TRUCKING, and general character in an attempt to "black list" him from his profession.

30.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered and continues to suffer loss of earnings, severe emotional distress, anguish, and humiliation. Plaintiff has diligently attempted to mitigate his damages by attempting to obtain other employment.

## DAMAGES

31.

Plaintiff requests an award of compensatory damages, including *inter alia*, past emotional distress damages, in an amount to be determined at the time of trial in an amount not to exceed $400,000.

32.

Plaintiff has suffered and continues to suffer loss of earnings, loss of job opportunities, and other employment benefits in an amount to be determined at trial and in an amount of $99,999 together with interest and the amount necessary to offset the income tax consequences of the award pursuant to ORS 659A.885(1) and/or as special damages under common law. These damages are continuing and Plaintiff reserves the right to amend this complaint and to introduce evidence of lost wages as of the time of trial.

33.

Plaintiff also seeks equitable relief including, reinstatement to Plaintiff's former position, and a permanent injunction enjoining Defendants from engaging in any employment practice which discriminates on the basis as alleged in this Complaint. In the alternative, Plaintiff seeks the

Page 9 -    AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

1   money damages equivalent to the benefits he would have received for reinstatement.

2                                                   34.

3   Plaintiff places Defendants on notice of Plaintiff's intent to move the Court to amend this

4   Complaint to seek punitive damages at a later date and to seek discovery of all relevant financial

5   documents from Defendants.

6

7                                                   35.

8   Plaintiff also seeks reasonable attorney's fees and costs in an amount to be proven at trial

9   pursuant to ORS 659A.885(1) and/or ORS 20.107.

10                      **FIRST CLAIM FOR RELIEF**

11              Injured Worker Discrimination in Violation of ORS 659A.040
                          (Against LANGE TRUCKING)
12

13                                                  36.

14  Plaintiff restates and incorporates by reference paragraphs 1-30, inclusive, as though fully set

15  forth herein.

16                                                  37.

17
    At all material times, Defendant employed at least six (6) persons.
18

19                                                  38.

20  Defendant discriminated against Plaintiff for invoking his rights under ORS Chapter 656 by

21  adversely affecting Plaintiff's employment. Defendant's discrimination constitutes an unlawful

22  employment practice in violation of ORS 659A.040.

23                                                  39.

24
    Plaintiff requests an award of damages, equitable relief, costs, and attorney's fees as alleged in
25
    paragraphs 31 through 35, inclusive, supra.
26

Page 10 -    AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE 1300
PORTLAND, OREGON 97205

## SECOND CLAIM FOR RELIEF

Failure to Reinstate Injured Worker in Violation of ORS 659A.043/ORS 659A.046
(Against LANGE TRUCKING)

40.

Plaintiff restates and incorporates by reference paragraphs 1-30, inclusive, as though fully set

forth herein.

41.

At all material times, Plaintiff is informed and believes that Defendant employed at least twenty-

one (21) persons, but in no event did Defendant employ less than six (6) persons.

42.

Upon being released for reemployment after a determination was made that Plaintiff was

medically stationary, Plaintiff requested reemployment with Defendant.

43.

Defendant refused to reemploy Plaintiff to his former position or to other available and suitable

work in violation of ORS 659A.043 and ORS 659A.046.  Defendant's failure to reemploy

Plaintiff was an unlawful employment practice.

44.

Plaintiff requests an award of damages, equitable relief, costs, and attorney's fees as alleged in

paragraphs 31 through 35, inclusive, supra.

/ / /

/ / /

/ / /

/ / /

Page 11 -    AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

## THIRD CLAIM FOR RELIEF

Whistleblowing – ORS 659A.199/230
(Against LANGE TRUCKING)

45.

Plaintiff restates and incorporates by reference paragraphs 1-30, inclusive, as though fully set

forth herein.

46.

In perpetrating the actions described in the above paragraphs, Defendant, acting individually and

through its agents, violated many civil and criminal statutes and subjected Plaintiff to retaliation,

and discrimination for reporting and opposing its illegal and/or criminal conduct.  Defendant's

actions were criminal in nature, including, but not limited to, violation of one or more of the

following criminal statutes relating to Defendant's conduct was in violation of the following

statutes: ORS 652.355, ORS 653.060, 654.010, 654.015, 654.020, 654.062, ORS 659A.040,

ORS 659A.150 *et seq.*, ORS 659A.030, 29 U.S.C. § 2614, OAR 437-0002-2224(3), ORS

652.990; ORS 653.991; OAR 839-020-0050. Defendant's retaliation against Plaintiff for

reporting illegal and/or criminal activity was in violation of ORS 659A.199 and/or ORS

659A.230 and OAR 839-010-0100 *et seq.*

47.

Plaintiff requests an award of damages, equitable relief, costs, and attorney's fees as alleged in

paragraphs 31 through 35, supra.

/ / /

/ / /

/ / /

Page 12 -   AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

1

## FOURTH CLAIM FOR RELIEF

2

Oregon Family Leave Act Interference, Discrimination, and Retaliation ORS 659A.150 *et seq.*
(Against LANGE TRUCKING)

3

4

48.

5

Plaintiff restates and incorporates by reference paragraphs 1-30, inclusive, as though fully set

6

forth herein.

7

8

49.

9

Plaintiff utilized and/or attempted to utilize leave protected by the Oregon Family Leave Act

10

(OFLA).

11

50.

12

At all relevant times, Defendant employed 25 or more persons in the State of Oregon for each

13

working day during each of 20 or more calendar workweeks in the year immediately preceding

14

the year in which Plaintiff utilized and/or attempted to utilize protected leave under OFLA.

15

16

51.

17

At all material times, Plaintiff suffered from a serious health condition.

18

52.

19

Defendant interfered with, discriminated and retaliated against Plaintiff for utilizing and/or

20

attempting to utilize the provisions of OFLA by taking adverse employment actions against

21

Plaintiff, including, but not limited to, terminating Plaintiff and discouraging Plaintiff from

22

taking protected leave.

23

24

53.

25

Plaintiff requests an award of damages, equitable relief, costs, and attorney's fees as alleged in

26

paragraphs 32, 33 and 35, supra.

Page 13 -   AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE 1300
PORTLAND, OREGON 97205

1

## FIFTH CLAIM FOR RELIEF

2

Retaliation for Opposing Unlawful Discrimination (ORS 659A.030(1)(f))
(Against All Defendants, Except ROGERS)

3

4

54.

5

Plaintiff restates and incorporates by reference paragraphs 1-30, inclusive, as though fully set

6

forth herein.

7

55.

8

Plaintiff engaged in protected activity when Plaintiff complained about and opposed Defendants'

9

unlawful employment discrimination.

10

56.

11

Defendants retaliated against Plaintiff by discriminating against Plaintiff in substantial part

12

because of Plaintiff's complaints and opposition to employment discrimination against Plaintiff.

13

14

57.

15

In perpetrating the actions described in the above paragraphs, Defendants violated ORS

16

659A.030(1)(f) by retaliating against Plaintiff for opposing discrimination against Plaintiff.

17

58.

18

Plaintiff requests an award of damages, equitable relief, costs, and attorney's fees as alleged in

19

paragraphs 31 through 35, inclusive, supra.

20

21

## SIXTH CLAIM FOR RELIEF

22

Aiding and abetting Discrimination and Retaliation (ORS 659A.030(1)(g))
(Against All Defendants, Except ROGERS)

23

24

59.

25

Plaintiff restates and incorporates by reference paragraphs 1-30, inclusive, as though fully set

26

forth herein.

Page 14 -   AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

60.

Defendants participated in and assisted each other in ongoing discrimination, retaliation, and harassment of Plaintiff at the work place.

61.

Defendants violated Oregon Revised Statute 659A.030(1)(g) by aiding each other in efforts to perpetuate ongoing discrimination, retaliation, and harassment against Plaintiff.

62.

Plaintiff requests an award of damages, equitable relief, costs, and attorney's fees as alleged in paragraphs 31 through 35, inclusive, supra.

### SEVENTH LAIM FOR RELIEF

OSEA Retaliation – ORS 654.062
(Against LANGE TRUCKING)

63.

Plaintiff restates and incorporates by reference paragraphs 1-30, inclusive, as though fully set forth herein.

64.

Defendant and/or its agents/employees violated ORS 654.062 by subjecting Plaintiff to discrimination, retaliation, and discharge because Plaintiff reported and opposed an unsafe work environment that was in violation of 654.010, 654.015, 654.020, and OAR 437-0002-2224(3).

65.

Plaintiff requests an award of damages and equitable relief pursuant to ORS 654.062(d), costs, and attorney's fees as alleged in paragraphs 31 through 35, inclusive, supra.

/ / /

Page 15 -    AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

1

## EIGHTH CLAIM FOR RELIEF

2

Wage Discrimination and Retaliation ORS 652.355/ORS 653.060
(Against LANGE TRUCKING)

3

4

66.

5

Plaintiff restates and incorporates by reference paragraphs 1-30, inclusive, as though fully set

6

forth herein.

7

67.

8

9

Defendant discriminated and retaliated against Plaintiff for making wage claims and/or inquiring

10

about Plaintiff's wages by adversely affecting Plaintiff's employment. Defendant's

11

discrimination and retaliation constitutes an unlawful employment practice in violation of ORS

12

652.355 and/or ORS 653.060.

13

68.

14

15

Plaintiff requests an award of damages, equitable relief, costs, and attorney's fees as alleged in

16

paragraphs 31, 32, 33, and 35, supra.

17

## NINTH CLAIM FOR RELIEF

18

Wrongful Discharge
(Against LANGE TRUCKING)

19

70.

20

21

Plaintiff restates and incorporates by reference paragraphs 1-30, inclusive, as though fully set

22

forth herein.

23

71.

24

At all materials times, the public policy of the State of Oregon was 1) to prohibit an employer

25

from discriminating and retaliating against employees for reporting illegal and/or criminal

26

Page 16 -   AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

1    conduct in the workplace; and 2) to prohibit an employer from interfering with, discriminating

2    and retaliating against employees that utilize and/or attempt to utilize protected medical leave.

3    This public policy is embodied in the common law, statutes, and regulations of the State of

4    Oregon and the United States protecting the public from fraud, danger, and illegal conduct and

5    including, but not limited to: ORS 659A.199; ORS 659A.230; 29 U.S.C. § 2614; ORS 659A.150

6    *et seq.*; OAR 839-009-0200 *et seq.*; *Banaitis v. Mitsubishi Bank, LTD*, 129 Or App 371 (1994);

7    *McGanty v. Staudenraus*, 321 Or 532 (1995); *Holien v. Sears, Roebuck and Co.*, 298 Or 76

8    (1984); *McQuary v. Bel Air Convalescent Home, Inc.*, 69 Or App 107 (1984); *Yeager v.*

9    *Providence Health System Oregon*, 195 Or App 134 (2004).

10                                              72.

11   Defendant, through its agents and/or employees, violated the above public policies by 1) by

12   discriminating and retaliating against Plaintiff for reporting illegal and/or criminal conduct in the

13   workplace; and 2) interfering, discriminating, and retaliating against Plaintiff for utilizing and/or

14   attempting to utilize protected medical leave. The discharge was unlawful and in violation of the

15   public policy of the State of Oregon.

16                                              73.

17   Defendant's discharge of Plaintiff was in retaliation for Plaintiff's pursuit and exercise of

18   Plaintiff's rights related to Plaintiff's role as an employee, which rights are of important public

19   interest.

20                                              74.

21   Plaintiff requests an award of damages, equitable relief, costs, and attorney's fees as alleged in

22   paragraphs 31 through 35, inclusive, supra.

23   / / /

24   / / /

25   / / /

26

Page 17 -    AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

## TENTH CLAIM FOR RELIEF

Defamation
(Against all Defendants, Except ROGERS)

75.

Plaintiff restates and incorporates by reference paragraphs 1-30, inclusive, as though fully set forth herein.

76.

Defendants, through their supervisors, agents, and/or employees, orally published and continue to publish false and non-privileged statements of asserted fact by telling others that Plaintiff's work performance was poor.  Defendants published and continue to publish false and malicious statements about Plaintiff's work performance, work history with LANGE TRUCKING, and general character to people inside and outside of the workplace.  These statements directly injured Plaintiff in his occupation, profession, trade, and/or business by imputing that Plaintiff was not fit to work in his occupation, profession, trade, and/or business.

77.

Defendants acted and continue to act in bad faith by making the false statements described-above about Plaintiff because the statements were malicious and were knowingly false and/or Defendants had no reasonable grounds to believe in the truth of the statements made about Plaintiff and the statements were not made for any legitimate business purpose.

78.

Defendants' defamatory statements constitute libel and/or slander *per se*, therefore general damages are presumed.

///

Page 18 -   AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

79.

Plaintiff requests an award of damages, equitable relief, and costs as alleged in paragraphs 31, 32 and 35, supra.

### ELEVENTH CLAIM FOR RELIEF

Intentional Interference with Economic Relations
(Against All Defendants, Except ROGERS)

80.

Plaintiff restates and incorporates by reference paragraphs 1-30, inclusive, as though fully set forth herein.

81.

Defendants, while acting within the course and scope of their employment with LANGE TRUCKING, intentionally interfered with Plaintiff's employment pursuits.

82.

Defendants' interferences with Plaintiff's relationship with potential employers was in the form of publishing and republishing false information regarding Plaintiff's work performance and employment history with LANGE TRUCKING and character.  Said interferences were accomplished through improper means and with improper purposes.

83.

Defendants' actions caused interference and continue to cause interference and damage to Plaintiff's reputation and employment opportunities.

84.

Plaintiff requests an award of damages, equitable relief, and costs as alleged in paragraphs 31 through 35, inclusive, supra.

Page 19 -   AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

## TWELFTH CLAIM FOR RELIEF

Intentional Interference with Economic Relations
(Against WILLY LANGE, BOB LANGE, and BAILEY)

85.

Plaintiff restates and incorporates by reference paragraphs 1-30, inclusive, as though fully set forth herein.

86.

In the alternative, Defendants intentionally interfered with Plaintiff's employment pursuits with LANGE TRUCKING while in some instances acting outside the course and scope of their employment and/or agency.

87.

Defendants interfered with Plaintiff's relationship with LANGE TRUCKING by discriminating against Plaintiff on the basis of injured worker status and/or safety complaints and/or wage complaints and/or utilization of protected medical leave, by terminating him, and by publishing/republishing false information regarding Plaintiff's work performance, employment history with LANGE TRUCKING, and character. Said interferences were accomplished through improper means and with improper purposes and in bad faith.

88.

Defendants' actions caused interference and damages to Plaintiff's reputation and employment with LANGE TRUCKING.

89.

Plaintiff requests an award of damages, equitable relief, and costs as alleged in paragraphs 31 through 35, inclusive, supra.

Page 20 -   AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

# THIRTEENTH CLAIM FOR RELIEF

Failure to Pay Back Wages/Civil Penalty ORS 652.140/150
(Against LANGE TRUCKING)

90.

Plaintiff restates and incorporates by reference paragraphs 1-30, inclusive, as though fully set forth herein.

91.

Defendant is an employer in the State of Oregon subject to ORS 652.140(1), which requires that upon termination of employment all wages earned and unpaid at the time of such discharge or termination shall become due and payable not later than the end of the first business day after the discharge or termination.

92.

Plaintiff was discharged on March 23, 2009; therefore, Plaintiff's final paycheck was due paid in full by the end of March 24, 2009. At the time, Plaintiff was owed three weeks (120 hrs) of vacation pay totaling $2,444.40.

93.

On or about April 13, 2009, Plaintiff made a demand for his vacation pay. Plaintiff was not issued a final paycheck, although he was owed significant back wages by Defendant until April 16, 2009, twenty-three (23) days after termination. At that time, Plaintiff only received two weeks (80 hrs) of vacation pay totaling $1,629.60.

94.

Plaintiff attempted to make a demand for his remaining wages by certified mail on June 3, 2009. However, Plaintiff is informed and believes that LANGE TRUCKING refused to accept delivery

Page 21 -   AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

1  of the letter and it was returned stamped "return to sender: unclaimed" on July 6, 2009. The same

2  day, Plaintiff faxed the letter to LANGE TRUCKING. Plaintiff did not receive payment of his

3  remaining one week (40 hrs) of back wages until on or about July 23, 2009 by mail in the

4  amount of $814.80. At the same time, Plaintiff also received a second check in the amount of

5  $814.80, which appeared to be in partial payment of the civil penalty owed.

6

7                                              95.

8  Pursuant to ORS 652.150, Plaintiff's wages continued, including weekends, from the due date of

9  March 24, 2009, at his hourly rate upon termination for eight hours per day. At the time of his

10  termination, Plaintiff's rate was calculated at $20.37/hr or 162.92/day. Plaintiff hereby demands

11  the civil penalty be imposed on Defendant over the maximum period of 30 days provided by the

12  statute in the amount $4,888.80, less $814.80 tendered for a total of not less than $4,074.00.

13

14                                              96.

15  In the alternative, Plaintiff demands a civil penalty totaling 100% of the back wages owed and

16  tendered late, equal to $2,444.40, less $814.80 tendered, for a total of not less than $1,629.60.

17                                              97.

18  Plaintiff further demands prejudgment interest at the statutory rate on the outstanding amount of

19  the civil penalty actually imposed.

20

21                                              98.

22  Plaintiff requests an award of reasonable attorney's fees and costs pursuant to ORS 652.200 in an

23  amount upon proof at the time of trial.

24  ///

25  ///

26

Page 22 -   AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

1          **FOURTEENTH CLAIM FOR RELIEF**

2                    Defamation
                  (Against ROGERS)
3
4                        100.

5  Plaintiff restates and incorporates by reference paragraphs 1-30, inclusive, as though fully set

6  forth herein.

7                        101.

8  Defendant orally published and continues to publish false and non-privileged statements of

9  asserted fact by telling others that Plaintiff's work performance was poor.  Defendant published

10 and continues to publish false and malicious statements about Plaintiff's work performance and

11 general character to people inside and outside of the workplace, including claiming that Plaintiff

12

13 "is always in a hurry and very demanding when it comes to unloading him quickly" and that

14 Plaintiff "did not even have to be in until 8:00 p.m." implying that Plaintiff was unreasonably

15 hasty, after Plaintiff was in an auto accident on February 19, 2009.  These statements directly

16 injured Plaintiff in his occupation, profession, trade, and/or business by imputing that Plaintiff

17 was not fit to work in his occupation, profession, trade, and/or business.

18

19                        102.

20 Defendants acted and continue to act in bad faith by making the false statements described-above

21 about Plaintiff because the statements were malicious and were knowingly false and/or

22 Defendants had no reasonable grounds to believe in the truth of the statements made about

23 Plaintiff and the statements were not made for any legitimate business purpose.

24 / / /

25 / / /

26

Page 23 -   AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

103.

Defendants' defamatory statements constitute libel and/or slander *per se*, therefore general

damages are presumed.

104.

Plaintiff requests an award of damages, equitable relief, and costs as alleged in paragraphs 31, 32

and 35, supra.

## FIFTEENTH CLAIM FOR RELIEF

Intentional Interference with Economic Relations
(Against ROGERS)

105.

Plaintiff restates and incorporates by reference paragraphs 1-30, inclusive, as though fully set

forth herein.

106

Defendants intentionally interfered with Plaintiff's employment.

107.

Defendant's interferences with Plaintiff's relationship with LANGE TRUCKING was in the

form of publishing and republishing false information regarding Plaintiff's work performance

and character, including claiming that Plaintiff "is always in a hurry and very demanding when it

comes to unloading him quickly" and Plaintiff "did not even have to be in until 8:00 p.m."

implying that Plaintiff was unreasonably hasty, after Plaintiff was in an auto accident on

February 19, 2009.  Said interferences were accomplished through improper means and with an

improper purpose, therefore in bad faith.

///

Page 24 -    AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205

1

108.

2

Defendants' actions caused interference and continue to cause interference and damage to

3

Plaintiff's reputation and employment opportunities.

4

109.

5

6

Plaintiff requests an award of damages, equitable relief, and costs as alleged in paragraphs 31

7

through 35, inclusive, supra.

8

**JURY TRIAL DEMAND**

9

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

10

11

**WHEREFORE,** Plaintiff requests the following judgments and relief according to proof:

12

13  1.      Economic damages;

14  2.      Non-economic damages;

15  3.      Reasonable costs and attorney's fees per statute;

16  4.      Reinstatement and a permanent injunction enjoining Defendants from engaging in any

17          employment practice which discriminates on the basis as alleged in this Complaint;

18

19  5.      For prejudgment and post-judgment interest as appropriate and allowed by law;

20  6.      On all claims, as applicable, amounts necessary to offset the income tax consequences of

21          receiving a lump sum payment, rather than receiving payment of wages over the

22          applicable time frame;

23  7.      Imposition of the civil penalty provided by ORS 652.150;

24  / / /

25  / / /

26

Page 25 -    AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE 1300
PORTLAND, OREGON 97205

1    8.    Upon motion, punitive damages, as alleged; and

2    9.    All such other relief as this Court may deem proper.

3

4

5    Dated: February 18, 2010.                    **MITRA LAW GROUP**

6

7                                                 Mitra Shahri, OSB No. 021100
8                                                 Daniel Le Roux, OSB No. 085510
                                                  Tel: (503) 243-4545
9                                                 mitra@unlawfultermination.com
                                                  dan@unlawfultermination.com
10                                                Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 26 -    AMENDED COMPLAINT AND JURY DEMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON ST., STE. 1300
PORTLAND, OREGON 97205