Mary-Anne S. Rayburn, OSB# 803680
MARTIN BISCHOFF LLP
888 S.W. Fifth Avenue, Suite 900
Portland, OR 97204
Phone: 503-224-3113
FAX: 503-224-9471
Email: mrayburn@martinbischoff.com

Cathy L. Arias, CASB# 141989
BURNHAM BROWN
A Professional Law Corporation
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone:   (510) 444-6800
Facsimile:   (510) 835-6666
Email:       carias@burnhambrown.com

Attorneys for Defendants
LANGE TRUCKING, INC., WILLIAM LANGENHUIZEN
aka "Willy Lange", ROBERT LANGENHUIZEN aka "Bob
Lange" AND STEVE BAILEY

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| JONATHAN HARRISON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LANGE TRUCKING, INC.; WILLIAM LANGENHUIZEN aka "Willy Lange"; ROBERT LANGENHUIZEN aka "Bob Lange"; STEVE BAILEY; and DAVID ROGERS,<br><br>　　　　　　Defendants. | No. 3:10-CV-00322-KI<br><br>**DEFENDANT LANGE TRUCKING, INC., WILLIAM LANGENHUIZEN, ROBERT LANGENHUIZEN AND STEVE BAILEY'S ANSWER TO PLAINTIFF'S COMPLAINT AND**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: February 16, 2010<br>Date of Removal: April 24, 2010<br>Trial Date: None Set |

Defendants LANGE TRUCKING, INC.; WILLIAM LANGENHUIZEN aka "Willy

Lange"; ROBERT LANGENHUIZEN aka "Bob Lange"; and STEVE BAILEY (collectively

"Defendants") hereby respond to plaintiff JONATHAN HARRISON'S ("Plaintiff") Amended Complaint and hereby deny each and every allegation, matter and thing contained in the Amended Complaint, except as hereinafter expressly admitted, alleged or qualified and demand a jury trial, as follows:

## JURISDICTION, VENUE, AND PARTIES

1. As to paragraph 1 of the Amended Complaint, Defendants admit the allegations contained therein.

2. As to paragraph 2 of the Amended Complaint, Defendants admit the allegations contained therein.

3. As to paragraph 3 of the Amended Complaint, Defendants lack information or belief sufficient to enable them to answer paragraph 3 and based on this lack of information and belief deny the allegations therein.

4. As to paragraph 4 of the Amended Complaint, Defendants deny every allegation contained therein.

## STATEMENT OF FACTS

5. As to paragraph 5 of the Amended Complaint, Defendants deny every allegation contained therein.

6. As to paragraph 6 of the Amended Complaint, Defendants admit the allegations contained therein.

7. As to paragraph 7 of the Amended Complaint, Defendants lack information or belief sufficient to admit or deny that Plaintiff was delayed eighteen hours as a result of snow storms and other inclement weather, and based on this lack of information or belief, deny these allegations. Defendants admit that Plaintiff inquired about additional wages. Defendants deny all other allegations contained in paragraph 7.

8. As to paragraph 8 of the Amended Complaint, Defendants deny every allegation contained therein.

9. As to paragraph 9 of the Amended Complaint, Defendants deny every allegation contained therein.

10. As to paragraph 10 of the Amended Complaint, Defendants deny every allegation contained therein.

11. As to paragraph 11 of the Amended Complaint, Defendants deny every allegation contained therein.

12. As to paragraph 12 of the Amended Complaint, Defendants admit that the reckless driving charge against Plaintiff was dismissed. Defendants lack information or belief sufficient to enable them to answer any of the other allegations in paragraph 12, and based on this lack of information or belief, deny all other allegations in paragraph 12.

13. As to paragraph 13 of the Amended Complaint, Defendants admit that Lange Trucking had a contract to transport mail for the United States Postal Service. Defendants lack sufficient knowledge to answer the other allegations in paragraph 13, and on that basis, deny generally and specifically all other allegations in paragraph 13.

14. As to paragraph 14 of the Amended Complaint, Defendants lack information or belief sufficient to enable them to answer this paragraph and based on this lack of information or belief deny the allegations contained therein.

15. As to paragraph 15 of the Amended Complaint, Defendants admit the allegations contained therein.

16. As to paragraph 16 of the Amended Complaint, Defendants deny that the release returned Plaintiff "to full duty." Defendants admit all other allegations in paragraph 16.

17. As to paragraph 17 of the Amended Complaint, Defendants deny every allegation contained therein.

18. As to paragraph 18 of the Amended Complaint, Defendants admit that Dr. Hortsch completed a second medical release on March 19, 2009 that returned Plaintiff to work without restrictions effective March 23, 2009. Defendants lack information or belief sufficient to

answer the other allegations in paragraph 18, and on that basis, deny generally and specifically all other allegations in paragraph 18.

19. As to paragraph 19 of the Amended Complaint, Defendants lack information or belief sufficient to enable them to answer this paragraph and based on this lack of information or belief deny the allegations contained therein.

20. As to paragraph 20 of the Amended Complaint, Defendants admit that Plaintiff applied for unemployment benefits. Defendants deny all other allegations in paragraph 20.

21. As to paragraph 21 of the Amended Complaint, Defendants lack information or belief sufficient to enable them to answer this paragraph and based on this lack of information or belief deny the allegations therein.

22. As to paragraph 22 of the Amended Complaint, Defendants lack information or belief sufficient to enable them to answer this paragraph and based on this lack of information or belief deny the allegations therein.

23. As to paragraph 23 of the Amended Complaint, Defendants admit that Plaintiff was issued a check on April 16, 2009 for two weeks (80 hours) of vacation pay. Defendants deny all other allegations in paragraph 23.

24. As to paragraph 24 of the Amended Complaint, Defendants admit that safety officer Chuck Billy pulled a copy of Plaintiff's Motor Vehicle Report and confirmed that Plaintiff had not been convicted of reckless driving. Defendants lack information or belief sufficient to answer the other allegations in paragraph 24, and on that basis, deny generally and specifically all other allegations in paragraph 24.

25. As to paragraph 25 of the Amended Complaint, Defendants deny that Lange Trucking claimed Plaintiff had been terminated on March 23, 2009. Defendants lack information or belief sufficient to enable them to answer all other allegations in paragraph 25 and based on this lack of information or belief deny all other allegations in paragraph 25.

26. As to paragraph 26 of the Amended Complaint, Defendants lack information or

belief sufficient to enable them to answer this paragraph and based on this lack of information or belief deny the allegations therein.

27. As to paragraph 27 of the Amended Complaint, Defendants deny every allegation contained therein.

28. As to paragraph 28 of the Amended Complaint, Defendants lack information or belief sufficient to enable them to answer this paragraph and based on this lack of information or belief deny the allegations therein.

29. As to paragraph 29 of the Amended Complaint, Defendants deny every allegation contained therein.

30. As to paragraph 30 of the Amended Complaint, Defendants deny every allegation contained therein.

## DAMAGES

31. As to paragraph 31 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendants lack sufficient knowledge to either admit or deny the allegations and, on that basis, deny generally and specifically each and every allegation.

32. As to paragraph 32 of the Amended Complaint, Defendants lack information or belief sufficient to enable them to answer paragraph 3 and based on this lack of information and belief deny the allegations therein.

33. As to paragraph 33 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendants lack sufficient knowledge to either admit or deny the allegations and, on that basis, deny generally and specifically each and every allegation.

34. As to paragraph 34 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendants lack sufficient knowledge to either admit or deny the allegations and, on that basis,

deny generally and specifically each and every allegation.

35. As to paragraph 35 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendants lack sufficient knowledge to either admit or deny the allegations and, on that basis, deny generally and specifically each and every allegation.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

Injured Worker Discrimination in Violation of ORS 659A.040

(Against LANGE TRUCKING)

36. As to paragraph 36 of the Amended Complaint, Lange Trucking realleges and incorporates by reference its responses to paragraphs 1-30 above.

37. As to paragraph 37 of the Amended Complaint, Defendant admits the allegations contained therein.

38. As to paragraph 38 of the Amended Complaint, Defendant denies every allegation contained therein.

39. As to paragraph 39 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendant lacks sufficient knowledge to either admit or deny the allegations and, on that basis, denies generally and specifically each and every allegation.

### SECOND CLAIM FOR RELIEF

Failure to Reinstate Injured Worker in Violation of ORS 659A.043/ORS 659A.046

(Against LANGE TRUCKING)

40. As to paragraph 40 of the Amended Complaint, Lange Trucking realleges and incorporates by reference its responses to paragraphs 1-30 above.

41. As to paragraph 41 of the Amended Complaint, Defendant admits the allegations contained therein.

Page 6    DEFENDANT LANGE TRUCKING, INC., WILLIAM LANGENHUIZEN, ROBERT
LANGENHUIZEN AND STEVE BAILEY'S ANSWER TO PLAINTIFF'S COMPLAINT
         *Harrison v. Lange Trucking, Inc., et al.,* 3:10-CV-00322-KI

42. As to paragraph 42 of the Amended Complaint, Defendant admits that Plaintiff requested reemployment with Defendant. Defendant lacks information or belief sufficient to enable it to answer the rest of the allegations in paragraph 42.

43. As to paragraph 43 of the Amended Complaint, Defendant denies every allegation contained therein.

44. As to paragraph 44 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendant lacks sufficient knowledge to either admit or deny the allegations and, on that basis, denies generally and specifically each and every allegation.

## THIRD CLAIM FOR RELIEF

Whistleblowing – ORS 659A.199/230

(Against LANGE TRUCKING)

45. As to paragraph 45 of the Amended Complaint, Lange Trucking realleges and incorporates by reference its responses to paragraphs 1-30 above.

46. As to paragraph 46 of the Amended Complaint, Defendant denies every allegation contained therein.

47. As to paragraph 47 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendant lacks sufficient knowledge to either admit or deny the allegations and, on that basis, denies generally and specifically each and every allegation.

## FOURTH CLAIM FOR RELIEF

Oregon Family Leave Act Interference, Discrimination, and Retaliation ORS 659A.150 *et seq.*

(Against LANGE TRUCKING)

48. As to paragraph 48 of the Amended Complaint, Lange Trucking realleges and incorporates by reference its responses to paragraphs 1-30 above.

49. As to paragraph 49 of the Amended Complaint, Defendant lacks information or

belief sufficient to enable it to answer paragraph 49 and based on this lack of information and belief denies the allegations therein.

50. As to paragraph 50 of the Amended Complaint, Defendant admits the allegations contained therein.

51. As to paragraph 51 of the Amended Complaint, Defendant lacks information or belief sufficient to enable them to answer paragraph 51 and based on this lack of information and belief denies the allegations therein.

52. As to paragraph 52 of the Amended Complaint, Defendant denies every allegation contained therein.

53. As to paragraph 53 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendant lacks sufficient knowledge to either admit or deny the allegations and, on that basis, denies generally and specifically each and every allegation.

## FIFTH CLAIM FOR RELIEF

Retaliation for Opposing Unlawful Discrimination (ORS 659A.030(1)(f)

(Against All Defendants, Except ROGERS)

54. As to paragraph 54 of the Amended Complaint, Defendants reallege and incorporate by reference their responses to paragraphs 1-30 above.

55. As to paragraph 55 of the Amended Complaint, Defendants deny every allegation contained therein.

56. As to paragraph 56 of the Amended Complaint, Defendants deny every allegation contained therein.

57. As to paragraph 57 of the Amended Complaint, Defendants deny every allegation contained therein.

58. As to paragraph 58 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary,

Defendants lack sufficient knowledge to either admit or deny the allegations and, on that basis, deny generally and specifically each and every allegation.

## SIXTH CLAIM FOR RELIEF

Aiding and abetting Discrimination and Retaliation (ORS 659A.030(1)(g)

(Against All Defendants, Except ROGERS)

59. As to paragraph 59 of the Amended Complaint, Defendants reallege and incorporate by reference their responses to paragraphs 1-30 above.

60. As to paragraph 60 of the Amended Complaint, Defendants deny every allegation contained therein.

61. As to paragraph 61 of the Amended Complaint, Defendants deny every allegation contained therein.

62. As to paragraph 62 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendants lack sufficient knowledge to either admit or deny the allegations and, on that basis, deny generally and specifically each and every allegation.

## SEVENTH CLAIM FOR RELIEF

OSEA Retaliation – ORS 654.062

(Against LANGE TRUCKING)

63. As to paragraph 63 of the Amended Complaint, Lange Trucking realleges and incorporates by reference its responses to paragraphs 1-30 above.

64. As to paragraph 64 of the Amended Complaint, Defendant denies every allegation contained therein.

65. As to paragraph 65 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendant lacks sufficient knowledge to either admit or deny the allegations and, on that basis, denies generally and specifically each and every allegation.

## EIGHTH CLAIM FOR RELIEF

Wage Discrimination and Retaliation ORS 652.355/ORS 653.060

(Against LANGE TRUCKING)

66. As to paragraph 66 of the Amended Complaint, Lange Trucking realleges and incorporates by reference its responses to paragraphs 1-30 above.

67. As to paragraph 67 of the Amended Complaint, Defendant denies every allegation contained therein.

68. As to paragraph 68 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendant lacks sufficient knowledge to either admit or deny the allegations and, on that basis, denies generally and specifically each and every allegation.

69. [Missing in Amended Complaint]

## NINTH CLAIM FOR RELIEF

Wrongful Discharge

(Against LANGE TRUCKING)

70. As to paragraph 70 of the Amended Complaint, Lange Trucking realleges and incorporates by reference its responses to paragraphs 1-30 above.

71. As to paragraph 71 of the Amended Complaint, this paragraph contains statements and conclusions of law to which no response is required. To the extent that this paragraph contains factual allegations, Defendant lacks sufficient knowledge either to admit or deny the allegations and, on that basis, denies generally and specifically each and every allegation.

72. As to paragraph 72 of the Amended Complaint, Defendant denies every allegation contained therein.

73. As to paragraph 73 of the Amended Complaint, Defendant denies every allegation contained therein.

74. As to paragraph 74 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendant lacks sufficient knowledge to either admit or deny the allegations and, on that basis, denies generally and specifically each and every allegation.

### TENTH CLAIM FOR RELIEF

Defamation

(Against All Defendants, Except Rogers)

75. As to paragraph 75 of the Amended Complaint, Defendants reallege and incorporate by reference their responses to paragraphs 1-30 above.

76. As to paragraph 76 of the Amended Complaint, Defendants deny every allegation contained therein.

77. As to paragraph 77 of the Amended Complaint, Defendants deny every allegation contained therein.

78. As to paragraph 78 of the Amended Complaint, Defendants deny every allegation contained therein.

79. As to paragraph 79 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendants lack sufficient knowledge to either admit or deny the allegations and, on that basis, deny generally and specifically each and every allegation.

### ELEVENTH CLAIM FOR RELIEF

Intentional Interference with Economic Relations

(Against All Defendants, Except Rogers)

80. As to paragraph 80 of the Amended Complaint, Defendants reallege and incorporate by reference their responses to paragraphs 1-30 above.

81. As to paragraph 81 of the Amended Complaint, Defendants deny every allegation contained therein.

82. As to paragraph 82 of the Amended Complaint, Defendants deny every allegation contained therein.

83. As to paragraph 83 of the Amended Complaint, Defendants deny every allegation contained therein.

84. As to paragraph 84 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendants lack sufficient knowledge to either admit or deny the allegations and, on that basis, deny generally and specifically each and every allegation.

## TWELFTH CLAIM FOR RELIEF

Intentional Interference with Economic Relations

(Against WILLY LANGE, BOB LANGE and BAILEY)

85. As to paragraph 85 of the Amended Complaint, Defendants reallege and incorporate by reference their responses to paragraphs 1-30 above.

86. As to paragraph 86 of the Amended Complaint, Defendants deny every allegation contained therein.

87. As to paragraph 87 of the Amended Complaint, Defendants deny every allegation contained therein.

88. As to paragraph 88 of the Amended Complaint, Defendants deny every allegation contained therein.

89. As to paragraph 89 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendants lack sufficient knowledge to either admit or deny the allegations and, on that basis, deny generally and specifically each and every allegation.

//

//

//

Page 12    DEFENDANT LANGE TRUCKING, INC., WILLIAM LANGENHUIZEN, ROBERT LANGENHUIZEN AND STEVE BAILEY'S ANSWER TO PLAINTIFF'S COMPLAINT
*Harrison v. Lange Trucking, Inc., et al.,* 3:10-CV-00322-KI

## THIRTEENTH CLAIM FOR RELIEF

Failure to Pay Back Wages/Civil Penalty ORS 652.140/150

(Against LANGE TRUCKING)

90. As to paragraph 90 of the Amended Complaint, Lange Trucking realleges and incorporates by reference its responses to paragraphs 1-30 above.

91. As to paragraph 91 of the Amended Complaint, this paragraph contains statements and conclusions of law to which no response is required. To the extent that this paragraph contains factual allegations, Defendant lacks sufficient knowledge either to admit or deny the allegations and, on that basis, denies generally and specifically each and every allegation.

92. As to paragraph 92 of the Amended Complaint, Defendant denies every allegation contained therein.

93. As to paragraph 93 of the Amended Complaint, Defendant admits that Plaintiff made a demand for vacation pay on April 13, 2009 and that Plaintiff was paid $1,629.60 on April 16, 2009. Defendant denies all other allegations contained in paragraph 93.

94. As to paragraph 94 of the Amended Complaint, Defendant lacks information or belief sufficient to enable it to answer this paragraph and based on this lack of information and belief denies the allegations therein.

95. As to paragraph 95 of the Amended Complaint, this paragraph contains statements and conclusions of law to which no response is required. To the extent that this paragraph contains factual allegations, Defendant lacks sufficient knowledge either to admit or deny the allegations and, on that basis, denies generally and specifically each and every allegation.

96. As to paragraph 96 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendant lacks sufficient knowledge to either admit or deny the allegations and, on that basis,

denies generally and specifically each and every allegation.

97. As to paragraph 97 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendant lacks sufficient knowledge to either admit or deny the allegations and, on that basis, denies generally and specifically each and every allegation.

98. As to paragraph 98 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendant lacks sufficient knowledge to either admit or deny the allegations and, on that basis, denies generally and specifically each and every allegation.

99. [Missing in Amended Complaint.]

## FOURTEENTH CAUSE OF ACTION

Defamation

(Against ROGERS)

100. As to paragraph 100 of the Amended Complaint, Defendants reallege and incorporate by reference their responses to paragraphs 1-30 above.

101. As to paragraph 101 of the Amended Complaint, Defendants lack information or belief sufficient to enable them to answer the allegations, and on that basis, deny generally and specifically each and every allegation.

102. As to paragraph 102 of the Amended Complaint, Defendants deny the allegations as they pertain to them. As to defendant Rogers, Defendants lacks information or belief sufficient to enable them to answer the allegations and, on that basis, deny generally and specifically each and every allegation.

103. As to paragraph 103 of the Amended Complaint, Defendants deny the allegations as they pertain to them. As to defendant Rogers, Defendants lacks information or belief sufficient to enable them to answer the allegations and, on that basis, deny generally and specifically each and every allegation.

104. As to paragraph 104 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendants lack sufficient knowledge to either admit or deny the allegations and, on that basis, deny generally and specifically each and every allegation.

### FIFTEENTH CLAIM FOR RELIEF

Intentional Interference with Economic Relations

(Against ROGERS)

105. As to paragraph 105 of the Amended Complaint, Defendants reallege and incorporate by reference their responses to paragraphs 1-30 above.

106. As to paragraph 106 of the Amended Complaint, Defendants deny the allegations as they pertain to them. As to defendant Rogers, Defendants lacks information or belief sufficient to enable them to answer the allegations and, on that basis, deny generally and specifically each and every allegation.

107. As to paragraph 107 of the Amended Complaint, Defendants deny the allegations as they pertain to them. As to defendant Rogers, Defendants lacks information or belief sufficient to enable them to answer the allegations and, on that basis, deny generally and specifically each and every allegation.

108. As to paragraph 108 of the Amended Complaint, Defendants deny the allegations as they pertain to them. As to defendant Rogers, Defendants lacks information or belief sufficient to enable them to answer the allegations and, on that basis, deny generally and specifically each and every allegation.

109. As to paragraph 109 of the Amended Complaint, the paragraph contains no factual allegations and as such no response is required. However, if a response is deemed necessary, Defendants lack sufficient knowledge to either admit or deny the allegations and, on that basis, deny generally and specifically each and every allegation.

## JURY TRIAL DEMAND

Defendants LANGE TRUCKING, INC., WILLIAM LANGENHUIZEN aka "Willy Lange", ROBERT LANGENHUIZEN aka "Bob Lange" AND STEVE BAILEY demand a jury trial on all claims and issues to the extent allowed under the law.

## AFFIRMATIVE DEFENSES

110. As a first affirmative defense to each claim for relief in the Amended Complaint, the complaint fails to state a cause of action upon which relief can be granted.

111. As a second affirmative defense to each claim for relief in the Amended Complaint, the Court does not have personal jurisdiction over WILLIAM LANGENHUIZEN aka "Willy Lange", ROBERT LANGENHUIZEN aka "Bob Lange", or STEVE BAILEY.

112. As a third affirmative defense to each claim for relief in the Amended Complaint, Plaintiff was partially, if not wholly, negligent or otherwise at fault on his own part and should be barred from recovery of that portion of the damages directly attributable to his proportionate share of the negligence or fault.

113. As a fourth affirmation defense to the ninth claim for relief (Wrongful Discharge against Lange Trucking), Plaintiff and/or society has adequate statutory remedies.

114. As a fifth affirmative defense to each claim for relief in the Amended Complaint, any statements made by Defendants were absolutely privileged.

115. As a sixth affirmative defense to each claim for relief in the Amended Complaint, any statements made by Defendants were qualifiedly privileged.

116. As a seventh affirmative defense to each claim for relief in the Amended Complaint, any statements made by Defendants were true.

117. As an eighth affirmative defense to each claim for relief in the Amended Complaint, Plaintiff failed to make a reasonable search for other work.

118. As a ninth affirmation defense to each claim for relief in the Amended Complaint, Plaintiff failed to mitigate his damages.

119. As a tenth affirmative defense to each claim for relief in the Amended Complaint, any and all conduct of which Plaintiff complains was a just and proper exercise of management discretion undertaken for a fair and honest reason and regulated by good faith under the conditions then existing.

120. As an eleventh affirmation defense to each claim for relief in the Amended Complaint, at all times Defendants acted under legal right or in a good faith belief in the existence of a legal right.

121. As a twelfth affirmative defense to each claim for relief in the Amended Complaint, Plaintiff was employed as an at-will employee.

122. As a thirteenth affirmative defense to each claim for relief in the Amended Complaint, the damages sustained by Plaintiff, if any, were caused, in whole or in part, by the negligence or fault of others for which these Defendants are not liable or responsible.

123. As a fourteenth affirmative defense to each claim for relief in the Amended Complaint, Defendants' termination decisions were based on business necessity and job relatedness.

124. As a fifteenth affirmative defense to each claim for relief in the Amended Complaint, Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

//
//
//
//
//
//

## PRAYER

WHEREFORE, Defendants LANGE TRUCKING, INC., WILLIAM LANGENHUIZEN, ROBERT LANGENHUIZEN, AND STEVE BAILEY pray for judgment as follows:

1. That Plaintiff takes nothing by reason of his complaint, that judgment be rendered in favor of Defendants;

2. For costs of suit incurred herein;

3. Attorney fees; and

4. For such other and further relief as the Court deems just and proper.

DATED: March 31, 2010

MARTIN BISCHOFF LLP

By _[signature]_
MARY-ANNE S. RAYBURN, OSB#803680
Attorneys for Defendants
LANGE TRUCKING, INC., WILLIAM
LANGENHUIZEN aka "Willy Lange",
ROBERT LANGENHUIZEN aka "Bob Lange"
AND STEVE BAILEY

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing **DEFENDANT LANGE TRUCKING, INC., WILLIAM LANGENHUIZEN, ROBERT LANGENHUIZEN AND STEVE BAILEY'S ANSWER TO PLAINTIFF'S COMPLAINT** via the U.S. District Court's CM/ECF Electronic Filing System. In addition, a judge's copy of this document was hand delivered to:

Trial Court Administrator
U.S. District Court
740 United States Courthouse
1000 S.W. Broadway
Portland, OR 97204

I further certify that by filing said document via U.S. District Court's CM/ECF Electronic Filing System, a copy thereof was served on the following parties via CM/ECF email notification:

>Daniel Le Roux
>Mitra Law Group
>621 SW Morrison Street, Suite 1300
>Portland, OR 97205
>
>Of Counsel for Plaintiff
>
>Ronald K. Silver
>United States Attorneys Office
>1000 S.W. Third Avenue, Suite 600
>Portland, OR 97204-2902
>
>Of Counsel for Defendant United States

Dated this 31st day of March, 2010.

_Mary-Anne S. Rayburn_
Mary-Anne S. Rayburn, OSB#803680
Of counsel for Defendants Lange Trucking, Inc.,
William Langenhuizen, Robert Langenhuizen and
Steve Bailey